UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DANIEL T. HARTE, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 14-3231 |
| v. | : | **Opinion** |
| SEA VILLAGE MARINA, LLC | : | |
| Defendant. | : | |

This matter comes before the Court on Motion to Dismiss [Dkt. No. 25], pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 8(a), of Defendant Wells Fargo & Company. The Court has considered the written submissions of the parties without oral argument. For the reasons that follow, Wells Fargo & Company's Motion to Dismiss is granted.

## I.  Background

This case is related to a matter in the Superior Court of New Jersey. The underlying state court lawsuit revolved around a contract that Plaintiff Daniel T. Harte entered into, on or about August 25, 2005, to purchase a mariner houseboat, located at Defendant Sea Village Marina ("SVM"), for the amount of $132,500.00. Plaintiff purchased the houseboat from John Best. During the course of litigation, Defendant Barbara Lieberman, Esquire represented the Estate of John Best. Allegedly, based upon her representations to the state court that the Estate was insolvent, Harte agreed to dismiss the claims against the Estate. Harte was unaware at that time that Lieberman was under criminal investigation by the New Jersey Attorney General. Lieberman was

1

recently convicted of various fraud counts.

On February 24, 2014 Harte and SVM entered into a settlement agreement in the Superior Court of New Jersey in <u>Daniel T. Harte v. Sea Village Marina, LLC</u>, Docket No. ATL-L-2616-12.   Under the terms of the Settlement Agreement, Harte had sixty days to produce to SVM proof of unencumbered title. Harte claims that Wells Fargo(also referred to as Wachovia Bank in the Amended Complaint) had the title, but could not locate the title and eventually ceased responding to Harte's requests. It appears Harte never received verification that the title was unencumbered and then he suffered a stroke. The Settlement Agreement also required Harte to meet certain payment obligations. It appears he did not satisfy the terms of the Settlement Agreement.

On May 20, 2014, Harte filed this action seeking a declaratory ruling that the Settlement Agreement is unenforceable due to newly discovered evidence of fraud: Ms. Lieberman's criminal indictment.   In addition, the Complaint alleges a claim of common law fraud against all of the named Defendants.   On July 3, 2014, Defendant SVM filed a motion to Dismiss.   Then on July 14, 2014, the Superior Court of New Jersey entered a Judgment in the amount of $50,000 in favor of Sea Village Marina, Inc. and against Daniel T. Harte. The Judgment was entered as a result of Daniel T. Harte's failure to honor the terms of the Settlement Agreement with SVM.   The judgment notes the pendency of the present action:

> The defendant has demonstrated that this matter was settled between the parties on February 24, 2014.In the opinion of this court, the fact that plaintiff filed suit in the United States District Court is not a reason to deny the defendant's motion to enforce the settlement and enter the judgment. The plaintiff could have prevented the defendant from entering the judgment by making the payments the plaintiff agreed. to make on

2

> February 24, 2014. The settlement agreement shall be enforced. Judgment shall be entered in favor of the defendant and against the plaintiff in the amount of $50,000.00

See Cert. of Aaron M. Bender, Esq., Ex. E, Judgment, <u>Daniel T. Harte v. Sea Village Marina, LLC</u>, Docket No. ATL-L-2616-12.

The Court granted SVM's motion to dismiss.

The remaining Defendants are Barbara Lieberman, the Estate of John Best and Wells Fargo. The claims are as follows: Count I, Declaratory Judgment That the Settlement Agreement Is Void and Unenforceable and Related Preliminary and Permanent Injunctive Relief; Count II, Fraudulent Inducement; Count III, Common Law Fraud. Counts I and II are plead against all of the Defendants, while Count II is plead against Barbara Lieberman only. There is no proof of service of the Summons and Complaint on the docket as to Defendants Lieberman and the Estate of John Best. As a result, the claims against these defendants are dismissed.1

The only remaining defendant, Wells Fargo, moves for dismissal on several

---

1 Absent strict compliance with Rule 4's summons and service requirements, "a court ordinarily may not exercise power over a party the complaint names as a defendant." <u>Murphy Bros. v. Michetti Pipe Stringing</u>, 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) (quoting <u>Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.</u>, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) ("Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); <u>Miss. Pub. Corp. v. Murphree</u>, 327 U.S. 438, 444–45 (1946) ("Service of summons is the procedure by which a court ... asserts jurisdiction over the person of the party served.")). At the time the Complaint and the Amended Complaint were filed in this matter, Fed. R. Civ. P. m (4) provides for dismissal where a defendant is not served within 120 days after the complaint is filed. See Fed. R. Civ. P. 4(m). Plaintiff has not demonstrated good cause for the failure to serve Lieberman and/or the Estate of John Best.

grounds, including Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8(a). Wells Fargo argues that Plaintiff's claims are barred by the Rooker-Feldman Doctrine, the Entire Controversy Doctrine, *res judicata*, and Collateral Estoppel. Finally, Wells Fargo argues that Plaintiff's claims are time-barred.

## II. Standard of Review

Under Fed.R.Civ.P. 12(b)(1), a defendant may challenge a plaintiff's right to be heard in federal court by asserting the court lacks subject matter jurisdiction over the controversy. See Robinson v. Daulton, 107 F.3d 1018, 1021 (3d Cir. 1999). Unless it is affirmatively demonstrated, a federal court is presumed to lack subject matter jurisdiction. Cohen v. Kurtzman, 45 F.Supp.2d 423, 429 (D.N.J. 1999) (citations omitted). Dismissal is proper under Rule 12(b)(1) when the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial or frivolous." Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408–09 (3d Cir. 1991) (citing Bell v. Hood, 327 U.S. 678, 682 (1946)). A claim is insubstantial if "'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for interference that the questions sought to be raised can be the subject of controversy.'" Hagans v. Lavine, 415 U.S. 528, 538 (1973) (quoting Ex parte Poresky, 290 U.S. 30, 32 (1933)).

Under a Rule 12(b)(1) motion, the party asserting jurisdiction, the plaintiff, bears the burden of demonstrating in the record that jurisdiction is proper. Packard v. Providential Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993); Development Finance Corp. v. Alpha Housing & Health Care, Inc., 54 F.3d 156, 158 (3d Cir. 1995). However,

4

"no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of a jurisdictional claim." Mortensen v. First Fed'l Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). The trial court is free to weigh the evidence to determine whether it has subject matter jurisdiction. Id.

A motion to dismiss under Rule 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006) (citations omitted); Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (citing Mortensen, 549 F.2d at 891). Rule 12(b)(1) facial attacks contest the sufficiency of the pleadings, and the trial court must take all allegations in the complaint as true and in the light most favorable to the plaintiff. Gould, 2201 F.3d at 176 (citing PBGC v. White, 998 F.2d 1192, 1196 (3d Cir. 1993); see also In re Kaiser Group Int'l Inc., 399 F.3d 558, 561 (3d Cir. 2005) (In evaluating "facial" subject matter jurisdiction attacks, the court ordinarily accepts all well-pleaded factual allegations as true, and views all reasonable inferences in the plaintiff's favor.). Essentially, a "facial" challenge by the defendant contests the adequacy of the language used in the pleading. Turicentro, S.A. v. American Airlines, Inc., 303 F.3d 293, 300 n. 4 (3d Cir. 2002).

Rule 12(b)(1) factual attacks, however, contest the factual basis for subject matter jurisdiction; that is, in a factual challenge to jurisdiction, the defendant argues that the allegations on which jurisdiction depends are not true as a matter of fact. Id. at 300. As such, no presumptive truthfulness attaches to plaintiff's allegations and "the

5

court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings." Id. at 300 n. 4. If the defendant contests the jurisdictional allegations, then "it is incumbent upon the plaintiff to respond to the defendant's sworn factual assertions" with something more than conclusory responses. International Ass'n of Machinists & Aerospace Workers v. Northwest Airlines, Inc., 673 F.2d 700, 711 (3d Cir. 1981). If the plaintiff fails to "meet and controvert the defendant's factual proofs, then the district court must determine whether it has subject matter jurisdiction based upon the factual context presented by the defendant." Id. at 711–12. However, if the opposing affidavits present a disputed issue of material fact, the court must permit the case to proceed to a plenary trial to resolve the contested jurisdictional issues. Id.

### III.   Analysis

For the reasons that follow, Wells Fargo's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is granted.   The Court does not have jurisdiction over Plaintiffs' claims pursuant to the Rooker-Feldman doctrine.

"Under the Rooker–Feldman doctrine, a district court is precluded from entertaining an action, that is, the federal court lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006) (citations omitted).   There are four requirements that must be met for the Rooker–Feldman doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were

6

rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." B.S. v. Somerset Cnty., 704 F.3d 250, 259–60 (3d Cir. 2013) (quoting Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159 (3d Cir. 2010)). As such, application of the Rooker–Feldman doctrine is necessarily limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

The Third Circuit explains the Rooker–Feldman doctrine as barring federal district courts from hearing cases under two circumstances: "'first, if the federal claim was actually litigated in state-court prior to the filing of the federal action or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state-court was wrong.'" In re Knapper, 407 F.3d at 580 (emphasis added) (quoting Walker v. Horn, 385 F.3d 321, 329 (3d Cir. 2004); Parkview Assoc. P'ship v. City of Lebanon, 225 F.3d 321, 325 (3d Cir. 2000). In this case, both proscriptions apply.

"[A] federal action is inextricably intertwined with a state adjudication, and thus barred in federal court under Feldman, '[w]here federal relief can only be predicated upon a conviction that the state court was wrong.'" Id. (quoting Centifanti v. Nix, 865 F.2d 1422, 1430 (3d Cir. 1989) (quoting Pennzoil Co. v. Texaco Inc., 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring)). See also Exxon Mobil, 544

7

U.S. at 293, 125 S.Ct. 1517 ("In parallel litigation, a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment," but the federal court is divested of jurisdiction under Rooker–Feldman only where it is asked to redress injuries caused by an unfavorable state-court judgment.). Importantly, if a plaintiff's claim in federal court is inextricably intertwined with a previous state court adjudication, the district court lacks jurisdiction over the claim even if it was not raised in the state court. Id. at 327, 125 S.Ct. 1517.

Here, the Court is invited to review and reject the Settlement Agreement that is the subject of the New Jersey Superior Court's July 14, 2014 Judgment.   Plaintiff had the opportunity to challenge the Settlement Agreement in State Court prior to and during the pendency of the present action. Plaintiff's Amended Complaint acknowledges that his claims were actually litigated as he seeks action on the Settlement Agreement before the New Jersey Superior Court:

> Plaintiff seeks a declaratory judgment pending the resolution of this case, which is based on events that transpired shortly after settlement agreement in the matter of Harte v. Sea Village Marina, LLC, et al., Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-2616-12 (the "Lawsuit") and potentially newly discovered evidence. Plaintiff prays for judgment and hereby demands a jury trial against Defendants[.]

See Amend. Compl.

Moreover, Counts I and III as they relate to Wells Fargo seek relief identical to that requested in the State Court.   The Court finds that plaintiff's claims were actually litigated in state court prior and/or are inextricably intertwined with the Judgment of the New Jersey Superior Court.   As such,

8

Plaintiff is a state court loser, complaining of an injury caused by New Jersey Superior Court's enforcement of the Settlement Agreement that is at the heart of his federal case. In other words, the Court finds that the ultimate relief sought by Plaintiff in this matter is the same relief he sought and lost in the Superior Court of New Jersey. Such review is proscribed by Rooker-Feldman. <u>Walker</u>, 385 F.3d at 330.

Moreover, the Court finds that the present Amended Complaint is "inextricably intertwined" with issues resolved by the New Jersey Superior Court and this Court is without jurisdiction to resolve Plaintiff's claims under the Rooker–Feldman doctrine. As a result, this Court lacks subject matter jurisdiction over the Plaintiff's claims and dismisses them as to Defendant Wells Fargo pursuant to Fed. R. Civ. P. 12(b)(1).

In addition, Plaintiff's request to amend the Amended Complaint is both deficient and denied as futile. In his Opposition Brief, Plaintiff requests permission to amend the complaint without setting forth the relevant criteria for the motion or appending the proposed Second Amended Complaint.

"[A]bsent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.'" <u>Long v. Wilson</u>, 393 F.3d 390, 400 (3d Cir. 2004) (quoting <u>Lundy v. Adamar of New Jersey, Inc.,</u> 34 F.3d 1173, 1196 (3d Cir. 1994)). Here, Plaintiff fails to address any of the considerations.

In addition, the Court finds that the amendment would be futile as the claims

relate to or are inextricably intertwined with the New Jersey Superior Court's July 14, 2014 Judgment in Daniel T. Harte v. Sea Village Marina, LLC, Docket No. ATL-L-2616-12. See Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (an amendment sought pursuant to Rule 15(a) shall be permitted unless it would be inequitable or futile.).

Because the Court is divested of subject matter jurisdiction under the Rooker-Feldman Doctrine, it will not address Wells Fargo's remaining arguments related to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8(a) and the Entire Controversy Doctrine, *res judicata*, Collateral Estoppel and the Statute of Limitations.

## IV. Conclusion

For the reasons stated above, Wells Fargo's motion to dismiss is granted. The claims against Barbara Lieberman and the Estate of John Best are dismissed pursuant to Fed. R. Civ. P. 4 (m). Plaintiff's request to amend the complaint is deficient and futile and, therefore, denied.

An appropriate Order shall issue.


Dated: February 4, 2016


                                             s/ Joseph H. Rodriguez
                                             Hon. Joseph H. Rodriguez,
                                             UNITED STATES DISTRICT JUDGE